SALES, Respondent, v. MAUPIN et al. (Reynolds, Appellant).

(151 N. W. 427.)

(File No. 3730.   Opinion filed March 15, 1915.)

1. **Trials—Verdict—Misconduct of Jury—"Quotient Verdict"— Agreement that Average was Fair.**

    That the verdict was the result of compromise or was arrived at by averaging each juror's estimate of damages, in an action for conversion, does not constitute misconduct of the jury, and the verdict is not invalid as a quotient verdict, where the result so obtained is merely used as a basis for further discussion as to reasonable value, and where, afterwards, all jurors agreed that this amount was a fair valuation.

2. **Appeals—Error—"Quotient Verdict"—Findings on Conflicting Affidavits—New Trial.**

    Where the amount arrived at by the jury by dividing the total of each juror's valuation by twelve, was afterwards considered and adopted as a fair valuation of a horse, and not because they had previously agreed to be bound by the amount so arrived at, **held,** that the court's finding on conflicting affidavits of jurors, that such result was merely used as a basis for further discussion, and hence not a quotient verdict, will not be disturbed on appeal; the trial judge's conclusion as to the facts being fairly supported by the evidence, and no abuse of discretion being shown.

3. **Appeals—Error—New Trial—Misconduct of Jury—Judicial Discretion—Review of Findings.**

    The granting or denial of a new trial for misconduct of jury

is discretionary with trial judge, and unless such discretion is abused, or there has been palpable error, such finding will not be reviewed on findings of fact by him; and each application must be determined mainly on its own peculiar facts, with a view not so much to the attainment of exact justice in a particular case as to the ultimate effect of the decision on the administration of justice in general.

Appeal from Circuit Court, Dewey County. Hon. RAYMOND R. DILLMAN, Judge.

Action by Fred Sales against Charles A. Maupin, C. R. Reynolds and Fred Haenen, to recover damages for conversion of a horse. From a judgment for plaintiff, and from an order denying a new trial, Reynolds appeals. Affirmed.

P. C. Hvistendahl, for Appellant.

J. E. Truesdale, for Respondent.

(1) Under point one of the opinion, Appellant cited: Code Civ. Proc., Sec. 301; Long v. Collins, 12 S. D. 621; Crawford v. State, 24 Am. Dec. 476, and case note; State v. Andre, 14 S. D. 217; McDonnel v. Pescadro S. Co., 120 Cal. 476; Weinberg v. Somps, (Cal.) 33 Pac. 341; Dixen v. Pluns, 31 Pac. 931.

Respondent cited: Langworthy v. Meyers, 4 Iowa, 18; State v. Accola, 11 Iowa, 246; Burton v. Holmes, 16 Iowa, 252; Hamilton v. Des Moines, 36 Iowa, 31; Deppe v. Chicago, etc., 38 Iowa, 592; Sullens v. Chicago, etc., 74 Iowa, 659; Peterman v. Jones, 63 N. W. 338; Thompson on Trials, 2nd Ed., (Early's) Sec. 2602.

POLLEY, J. This action is brought to recover damages for the conversion of a horse. Respondent had a verdict for $156.65, and appellant's motion for a new trial is based upon the sole ground of alleged misconduct of the jury in arriving at said verdict.

[1, 2] It is claimed by appellant: That the verdict is what is known as a "quotient" verdict, and, in support of his motion, he read the affidavits of three members of the jury, to the effect that, in arriving at their verdict, each juror secretly set down the amount he considered said horse to be worth. That said amounts were then added together and the sum divided by 12. That the quotient so found was to be the value of the horse, and the amount of damages to which respondent was entitled for the con-

version thereof. That it was agreed and understood by each juror, before he set down said amount, that one-twelfth of the sum of said amounts was to be the value of said horse, and that affiants were thereby induced to assent to said amount. These affidavits are, in substance, similar to the affidavit set out in Long v. Collins, 12 S. D. 621, 82 N. W. 95. In that case the affidavit was undisputed and was held to state sufficient cause for a new trial, and, if the statements contained in the affidavits under consideration were unchallenged by respondent we should feel constrained to uphold appellant's contention; but, in speaking of this method of arriving at a verdict, the court, in that case, said:

"Had the method been adopted merely to ascertain what each juror considered reasonable, and each juror reserved to himself the right to afterwards object, should he think it unreasonable, an honest expression of opinion free from hazard, chance, or lot might afterwards be obtained, and in such a case the verdict should stand. But a verdict reached pursuant to an agreement of all the jurors, made prior to aggregating the several amounts, and dividing the same by 12, is the result of chance and self-imposed coercion, foreclosing deliberation and interchange of views."

From this it appears that it is not the mere fact that the verdict is the result of a compromise, or that it was arrived at by taking the average of each juror's estimate of the amount of damages that should be awarded, that constitutes the misconduct on the part of a jury, but it is the agreement and the understanding that was had by the jurors before the average was ascertained that the amount so ascertained should be the final verdict of the jury. If an average is ascertained merely for the purpose arriving at a basis for discussion and consideration, no rule of law or justice is infringed; and, to show that this is what was done in the present case, respondent, in opposition to the motion, read the affidavits of five members of the jury. From these it appears: That, after the jury had retired and some deliberation had been had, it was agreed, by all the jurors, that plaintiff was entitled to a verdict. That, after further deliberation, it was agreed, by all the jurors, that plaintiff was entitled to $100 damage for the wrongful taking of the horse, but that, after prolonged deliberation, the jurors were unable to agree upon the

value of the horse. That, as a means of arriving at a fair valuation, it was agreed that each juror set down the amount at which he valued the horse. That these amounts were added together and the sum divided by 12, resulting in a quotient of $52.65, and that, after further deliberation, it was agreed, by all the jurors, that this amount was a fair valuation for the horse. That this amount, together with the $100 already agreed upon, with interest from the time plaintiff had been deprived of the horse, amounting in all to $156.65, was agreed upon as the verdict of the jury.

If it is true, as shown in these affidavits, that the sum of $52.65 was considered by the jury, after that amount had been arrived at, and that it was adopted by the jury because they considered it a fair and reasonable valuation of the horse, and not because they had previously agreed to be bound by the amount arrived at by said computation, then the verdict is free from any element of chance, and no misconduct has been shown. 22 Enc. Fl. & Pr. 856. The question to be decided then becomes largely one of fact, dependent upon the veracity or recollection of those members of the jury who signed the respective affidavits. The decision of this question is peculiarly within the province of the trial judge who heard the motion for a new trial, and the conclusion arrived at by him will not be disturbed by this court, unless it appears that said conclusion is contrary to the facts or that there has been an abuse of the judicial discretion vested in him.

[3] The general rule relative to granting or denying new trials for alleged misconduct of the jury is stated in 12 Enc. Pl. & Pr. 561, 562, as follows:

"The refusal or denial of a motion for a new trial for alleged misconduct on the part of the jury is, as a general rule, a matter within the discretion of the judge presiding at the trial; and unless it appears that this discretion was abused, or that there has been palpable error, or unless it appears that the trial court refused to review and consider the evidence by which its consideration of the motion should have been guided or controlled, the refusal of the trial judge to grant a new trial on account of alleged misconduct on the part of the jury will not be reviewed on the finding of the facts by him. Each application must be determined mainly upon its own peculiar facts and circumstances,

and should be granted or refused with a view not so much to the attainment of exact justice in a particular case as to the ultimate effect of the decision upon the administration of justice in general."

With this rule, we fully agree; and as the trial judge's conclusion, as to the facts, is fairly supported by the affidavits read at the hearing of the motion, and no abuse of discretion being shown, such conclusion will not be disturbed.

The judgment and order appealed from are affirmed.