## SPARKS v. KING'S, INC.
### No. 5.

Eastern Section. November 2, 1935.

Petition for Certiorari denied by Supreme Court, March 12, 1936.

Cantor & Cantor, Vines & Vines, and J. B. McNiel, all of Johnson City, for plaintiff in error.

Chalkley & Brandt, of Johnson City, for defendant in error.

McAMIS, J. Anna Sparks fell and sustained personal injuries while descending a flight of stairs in a department store owned and operated by King's, Inc. She thereafter instituted this suit, by the declaration averring that defendant negligently and carelessly allowed the steps to remain in a wet and slippery condition after being washed during the hours plaintiff and the public were invited to use the same. It is also charged, in the declaration, that the steps were too narrow and that as a result both of the improper construction of the steps and of the wet and slippery condition of same plaintiff fell and sustained the injuries for which she sued. The defendant, King's, Inc., filed a plea of the general issue, and upon the trial before the court and a jury a verdict was returned in favor of defendant and plaintiff's suit was dismissed. From this action of the court, she has appealed in error to this court.

The first assignment is that there is no evidence to support the verdict of the jury.

Plaintiff testified that in descending the stairway she slipped and fell and that the stairway was slippery, but that she did not notice this condition until after she fell. In this statement she is corroborated by her son who testified in her behalf and who further testified that the steps were made of concrete and that the edges were worn off but were provided with brass strips worn smooth and sleek.

Opposed to this evidence, however, is the testimony of the negro porter employed by defendant, who testified that, while he was at the head of the stairway with a mop in his hand at the time plaintiff fell

as plaintiff testified, he had not been washing the steps, that they were not wet, and that they were provided with a rubber mat. He further testified that he paid particular attention to plaintiff as she approached and began descending the stairway because she was limping and that after she had gone down two or three steps he saw her catch the heel of her shoe and fall.

That the steps were provided with a rubber pad or mat is also positively testified to by other witnesses for defendant.

We find, therefore, that the jury found for defendant upon conflicting evidence and that there is material evidence to support the verdict and judgment below. The first assignment of error is, accordingly, overruled.

The second assignment of error is without merit and is likewise overruled.

The third and fourth assignments of error are grounded upon alleged misconduct of the jury after it had retired to consider its verdict.

It appears that one of the jurors before the verdict was agreed upon made reference to the fact that plaintiff walked with a limp and demonstrated how he thought she probably caught her heel in going down the steps. It appears from the record, without contradiction, that plaintiff had been a cripple for many years prior to the trial, and if the demonstration was based upon evidence properly adduced before the jury at the trial, there was nothing improper in any juror attempting to demonstrate to his fellow-jurors how, in his opinion, the accident occurred. It is only by the exchange of ideas that jurors are able to harmonize their views and agree upon a verdict in any case.

However, it is insisted that the same juror made reference to the fact that he had seen plaintiff limping while walking on the street. Although it is never proper for a juror to make reference to personal knowledge not gained at the trial, as we have stated, it is not disputed that plaintiff was crippled and the record shows that when she appeared before the jury at the trial she walked with a limp just as it is claimed the offending juror stated she walked on the street. The juror said to have made reference to the manner in which plaintiff walked on the street denied making such statement. Other jurors introduced as witnesses in open court, upon the motion for a new trial, are uncertain or do not recall such statement. In any event, we do not think the statement attributed to the juror was in any way prejudicial to plaintiff's case.

It also appears from the testimony of jurors Collins, Lipps, and Burleson that the same juror, Mr. Mallicoat, stated that he had been up and down the steps in question a time or two and had not noticed that they were slick.

Mr. Mallicoat denied making the statement. Juror Buck denied' that such statement was made by Mr. Mallicoat, while Mr. Day, who was also a juror, testified that he did not remember such statement having been made.

Upon this conflicting evidence the trial judge who saw and heard the witnesses testify upon the hearing of the motion for a new trial denied the motion and allowed the verdict to stand. We cannot say that he reached an incorrect conclusion in determining this fact question upon oral testimony.

██ There is always a presumption that the jury acted properly and was guilty of no improper conduct, and, as was said in Zirkle v. Stegall, 163 Tenn., 323, at page 328, 43 S. W. (2d), 192, the discretion of the presiding judge in matters like these is broad. See,. also, Travis v. Bacherig, 7 Tenn. App., 638, and Tabler v. Connor,. Adm'x, 1 Baxt. (60 Tenn.), 195. In the Stegall Case the court was speaking of the action of the trial court in refusing to grant a new trial because of newly discovered evidence, but we are unable to perceive any reason for allowing the trial judge a broad discretion in v. Stegall, 163 Tenn., 323, at page 328, 43 S. W. (2d), 192, the discovered evidence and not permitting him to exercise a like discretion in passing upon conflicting evidence relied upon to establish misconduct of the jury. That the trial court has such discretion seems to be firmly established in other jurisdictions,\although the precise question seems not to have been directly passed upon in any reported case in this state. See Sales v. Maupin et al., 35 S. D. 176, 151 N. W.,. 427, Ann. Cas. 1917C, 1222; 46 C. J., 468.

We conclude that no ground for reversal appears from the assignments of error and the judgment below must be affirmed with costs.