Mrs. Ethel Cook, Plaintiff,

*v.*

Blytheville Canning Company, Respondent.

359 S.W.2d 828.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

Petition for Rehearing Denied February 7, 1962.

McCluen & Cooley, Rockwood, for petitioner.

LADD & QUALLS, Harriman, for respondent.

MR. JUSTICE DYER delivered the opinion of the Court.

This case comes to this Court on writ of certiorari. Mrs. Ethel Cook suffered personal injuries when on the night of September 6, 1956, about 10:00 P.M. the automobile in which she and other members of the family were riding and which was being driven by her husband, ran into the rear end of a truck-trailer which allegedly was negligently parked about 4 feet over on the highway on the same side of the road without warning lights or signals of any kind. She named as defendants one James Reid alias James Reeves, who was driving or in charge of the truck-trailer at the time but she was never able to obtain service of process upon him; the other defendants were Charles Lynch and Blytheville Canning Company, Inc.

Service was had upon these latter two named defendants and after a trial was had in Roane County, Tennessee, the jury returned a verdict in her favor against the Blytheville Canning Company, a corporation of Blytheville, Arkansas, in the amount of $9,900; but the Court granted a directed verdict in favor of Charles Lynch under circumstances to be hereinafter referred to.

Blytheville Canning Company perfected its appeal to the Court of Appeals at Knoxville and assigned several errors. The Court of Appeals overruled all assignments except No. 4 and No. 10; having sustained assignment No. 4 and having reversed the judgment of the trial court and remanded the same for a new trial, the Court of Appeals correctly declined to pass on No. 10 which was that the verdict of the jury was excessive.

It is in regard to the action of the Court of Appeals on assignments Nos. 4 and 10 that this petition for certiorari was filed by Mrs. Cook. The substance of assignment 4 and the action of the trial court giving rise to same and the ruling of the Court of Appeals can be presented by quoting from the opinion of the Court of Appeals as follows:

"Assignment of error No. 4 complains of the action of the trial judge in having, at the end of the plaintiff's proof, granted a motion for a directed verdict in favor of defendant Charles Lynch but refusing to so announce to the jury until such announcement was made a part of his charge to the jury, after the defendant Blytheville Canning Company, Inc., had introduced its proof in the cause. On behalf of defendant it is contended that even if this method of handling the matter by the trial judge constituted error, same was harmless error under the provi-

sions of Section 27-117 T.C.A., and therefore, insufficient to justify a reversal of this cause. We cannot agree with that view of the case. In our opinion, when the learned trial judge concealed from the jury the fact that he had granted a directed verdict in favor of the defendant Lynch at the end of the plaintiff's proof and thereafter until all the proof offered by defendant Blytheville Canning Company, Inc., had been presented, the jury, while hearing the proof of the Blytheville Canning Company, Inc., was entitled to consider that the cause was still pending as to two defendants, viz, Charles Lynch and Blytheville Canning Company, Inc. When, therefore, in his general charge, the judge eliminated Charles Lynch and left for their consideration only the liability of Blytheville Canning Company, Inc., the jury must almost certainly have construed that as amounting to a peremptory instruction in favor of plaintiff and against the defendant Blytheville Canning Company, Inc. * * *''

The record reflects that both of these defendants in the trial court were represented by the same firm of lawyers; that when the motion in behalf of each defendant was made at the close of the plaintiff's proof, the judge stated that he was going to grant the directed verdict in behalf of Lynch but declined to grant the same in behalf of Blytheville Canning Company, stating that he would take care of the directed verdict for Lynch at the proper time; at the close of all of the evidence, the matter of the directed verdict was again called to his attention in regard to Lynch, to which the judge replied that he would take care of it at the proper time; when he did take care of it, it was after he had commenced his charge to the jury; he then stated to the jury that he was instructing them to find for Lynch and further stated that the reason for his action

was that the only way that Lynch had been brought into the case was the fact that the vehicle which was parked on the highway was registered in Arkansas under the name of Lynch which created the *prima facie* presumption that it was on Lynch's business, etc., but that the plaintiff herself had introduced a letter written by the Blytheville Canning Company in which it was stated that the truck was being operated on the business of the Blytheville Canning Company.

Both sides and the Court of Appeals have referred to Judge Felts' opinion in *Sadler v. Draper,* 46 Tenn.App. 1, 326 S.W.2d. 148. The Court of Appeals thought that the case was not controlling and we are of the same opinion, although we think that certain statements in there are helpful in a general way. The solution of the two questions, however, depends on the situation pervading the entire record in this case. The two questions are whether or not the action of the trial judge was erroneous and if so, was it prejudicial.

We are of opinion that the Court of Appeals and counsel for both parties have over-looked first, the condition of the pleadings and second, the condition of the proof. The declaration alleged that the driver James Reeves at the time of parking said truck on the highway was acting in the scope of his employment as the agent, servant, and so on, of both the Blytheville Canning Company and Charles Lynch and that the vehicle was owned by Charles Lynch. Then in two counts they set out the common law and statutory negligence.

■ The defendants having been ordered by the court to plead specially, filed joint special pleas except No. 2 which is in *behalf of Charles Lynch only;* by this he ad-

mitted that he was the owner of the truck-trailer but averred that prior to and on September 6, 1956, the vehicle had been rented and said Lynch had no control over the operation of the vehicle at the time and place and he specifically denied that it was in any way or manner being operated or used on business for him or that he is or could be held responsible for the action of the driver. However, there is no such special plea in behalf of Blytheville Canning Company. Therefore, under *Creekmore v. Woodard,* 192 Tenn. 280, 241 S.W.2d 397, construing T.C.A. sec. 20-921 relating to special pleas, the Blytheville Canning Company by no possibility could rely upon the defense that the truck was not being used upon its business, etc.

Then when we refer to the evidence there was the letter above referred to in which the Blytheville Canning Company wrote to Mrs. Cook's attorney, in which they said in response to an inquiry by letter that the truck mentioned is operated by the Blytheville Canning Company, Inc. Not only could the Blytheville Canning Company not have offered any evidence to deny that the truck was being operated by it, but there was no attempt to offer any such evidence; all of the evidence offered by the Blytheville Canning Company was with reference to the question of negligence either of the driver of the truck or the plaintiff's husband, the effort being to show that only the husband was guilty of any negligence.

Accordingly under such circumstances, we do not think it was error for the judge to announce the directed verdict to the jury at the time he did so, although under different circumstances, we agree that it might constitute error in the case of more than one defendant where there was joint

or concurrent negligence charged against the parties defendant. Actually, the Blytheville Canning Company made a great deal more out of the judge's reference to this letter than was warranted by the circumstances, because just as soon as the judge had announced his reason for granting the directed verdict in favor of Lynch, he then proceeded to give a full and fair charge on the question of what the jury must consider in determining whether or not Blytheville Canning Company was guilty of negligence. Accordingly we do not think the Court of Appeals' statement that the judge concealed the fact from the jury until he had begun his charge or that the effect of it amounted to a peremptory instruction against the defendant Blytheville Canning Company is warranted by the facts of this case.

For the same reasons we think there was no error on the part of the trial judge, we likewise are of opinion that there could in no event be any prejudicial error. It is well established under *Thomason v. Trentham,* 178 Tenn. 37, 154 S.W.2d 792, 138 A.L.R. 461, that there must be an affirmative appearance that error affected the result of the trial and this burden rests upon the party claiming prejudice.

We, therefore, sustain assignment No. 4.

As above stated, assignment No. 10 in the Court of Appeals related to the claim that the verdict was excessive. Naturally when the Court of Appeals reversed the case and remanded same, it was not proper for them to pass on assignment No. 10.

We have examined the evidence both of the doctor and the lay witnesses including the plaintiff, and we are

satisfied that the verdict cannot be said by us to be excessive. This lady has several disfiguring scars about the forehead, a disfigured right eyelid and eyebrow, a scar in the center of her forehead; she suffers headaches since the accident and her ability to study and read is seriously impaired; these have left some numbness in her face at this area, also a sprained ankle and bruised shoulder, and naturally concomitant pain and suffering.

Accordingly we reverse the judgment of the Court of Appeals and affirm that of the trial court.