STANLEY E. JAMES, a minor by next friend, WILLIAM A. JAMES, v. CATHERINE HOLT ROSS.

WILLIAM A. JAMES v. CATHERINE HOLT ROSS.

—369 S. W. (2d) 1.

Middle Section. November 30, 1962.

Certiorari Denied by Supreme Court May 10, 1963.

Joseph L. Lackey, Karl L. Bishop, Nashville, for plaintiffs in error.

Boult, Hunt, Cummings & Conners, Nashville, for defendant in error.

I

SHRIVER, J.   These are two consolidated cases wherein Stanley E. James a minor by his father as next friend, brought suit for personal injuries received in an

accident when the bicycle on which he was riding collided with the automobile owned and operated by the defendant Catherine Holt Ross.

William A. James, father of Stanley, brought suit for loss of services and medical expenses incurred on behalf of his son as a result of the accident.

Plaintiff's declaration contained four counts. The first count is based on common-law negligence. The second count is based on a violation of Section 59-858 T.C.A., known as the reckless driving statute, while the third count charges a violation of Section 59-828 T.C.A., the right-of-way statute governing traffic at intersections. The fourth count charges a violation of Chapter 35, Article 5, Section 70 of the Nashville City Code which also regulates right-of-way at street intersections, and is a substantial reenactment of the State Statute.

The defendant was required to plead specially but, in effect, defendant's plea is that of the general issue.

The cause was tried before Judge Byrd Douglas and jury in the Second Circuit Court of Davidson County and resulted in a verdict and judgment for the defendant in each case.

The motion for a new trial was overruled and the causes were appealed in error to this Court and assignments filed.

## II

### Assignments of Error

There are six assignments of error, No. 1 being that there is no material evidence to support the verdict.

█ No. 2, is that the evidence preponderates against the verdict. Of course this assignment is not available to the plaintiffs in error in this Court.

Assignment No. 3, complains of the Court's action in directing a verdict in favor of the defendant as to count three of the declaration which charges a violation of the Right-of-way Statute. Assignment No. 4, complains of the Court's action in directing a verdict in favor of the defendant as to count four of the declaration which involves the City Ordinance dealing with the right-of-way at street intersections.

Assignment No. 5, asserts that the Court was in error in overruling ground five of the motion for a new trial which charged misconduct on the part of the jurors in their deliberations on this case.

Assignment No. 6, charges error in overruling plaintiffs' objection to certain testimony of the defendant.

## III

### The Facts

█ The accident in question occurred on the morning of August 13, 1959 near the intersection of Acklen Avenue and 14th Avenue South in Nashville. The defendant was driving in a westerly direction on Acklen Avenue which is substantially level at that point. 14th Avenue does not extend across Acklen but intersects it on it's northerly margin. Defendant testified that the speed of her car, as she approached the intersection of 14th Avenue, was about 20 to 25 miles an hour. However, she stated that she had brought her car to a stop when the bicycle on which plaintiff was riding collided with the front end of it.

Plaintiff, Stanley E. James, was eight years old at the time of the accident and was riding on the seat of the bicycle which was being propelled by his brother who was about a year older than he. The two of them came out into Acklen Avenue from a residential drive-way on the South side of the street and headed diagonally across in a northerly direction into the path of the defendant's automobile.

Defendant said that when she saw the children emerge from the drive-way and head across the street she put on her brakes and brought her car to a stop just West of the intersection of 14th Avenue just before the bicycle ran into the front bumper.

As the bicycle collided with the car the older boy, who was peddling the bicycle, jumped off and was uninjured except for some slight scratches, while the plaintiff, who was riding on the seat of the bicycle, fell in such manner that the bicycle fell on top of him and his leg was broken between the knee and the hip.

Plaintiffs rely to a large extent on circumstantial evidence since the testimony of the two boys was such as to shed little light on the way the accident happened. William James, who was propelling the bicycle, testified that he saw defendant's car coming about a block away and tried to get across the street but the next thing he knew he was down on the street. He does not enlighten us as to why or how the accident occurred.

The testimony of plaintiff, Stanley James, is in narrative form and is to the effect that he was eight years old when he was injured. He stated that his brother had pushed the bicycle to the drive-way of the house next door and that, before they started into the street, with him

riding on the seat and his brother propelling the bicycle, they looked both directions and saw defendant's automobile about a half block away coming in their direction. He stated that after they started into the street he did not see the automobile again until they were struck by it.

Police officer, Frank Muller, Jr., was on duty about a block away when the accident occurred and went immediately to the scene. He stated that, while he was a witness to the accident, he did not see anything very clearly but only the general confusion and excitement which was taking place as he was looking in that direction.

He testified that 14th Avenue South and Acklen form a T intersection and that when he arrived at the scene the defendant had brought her automobile to a stop near the west margin of the intersection on the right-hand side of Acklen Avenue about six or eight feet south of the north curb line; the bicycle was lying on Acklen Avenue about three fourths of the way across from the South to the North and immediately in front of the defendant's automobile; defendant stated to him that she was driving at about 30 miles an hour and that when she saw the bicycle she applied her brakes but was unable to stop before striking it.

On cross-examination he said there were short marks on his diagram of the scene contained in his report which indicated that there were short skid marks on the road. He stated that he had marked on his accident report that there was "no improper driving", and he did not arrest the defendant nor cite her to appear in Court.

On cross-examination defendant denied that the collision took place where the traffic officer's diagram indi-

cated but claimed that it took place two drive-ways west of the intersection.

. Shirley Ross Martin, daughter of the defendant, testified that she was a passenger in her mother's automobile at the time and that the car was in the intersection of Acklen and 14th Avenue South when she first saw the two boys on the bicycle. She stated that she thought at the time that they were going to stop at the curb but they kept going. She said her mother stopped and that they ran into the front of the car. She placed the point of the collision a short distance west of the intersection of 14th and Acklen.

## IV

Coming now to a consideration of the assignments, we think an examination of the record clearly indicates that there is evidence to sustain the verdict of the jury hence assignment No. 1, is overruled. Poole v. Bank, 29 Tenn. App. 327, 196 S. W. (2d) 363.

As hereinabove stated, assignment No. 2, on the question of preponderance is overruled since it is not available to the plaintiffs on this appeal. Tallent v. Fox, 24 Tenn. App. 96, 141 S. W. (2d) 485.

Assignments Nos. 3 and 4 deal with the Court's action in directing a verdict as to counts 3 and 4 of the declaration.

Section 59-828 T.C.A. provides that the driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway. It further provides that when two vehicles enter an intersection from different highways at approximately the same time, the driver of the

vehicle on the left shall yield the right-of-way to the vehicle on the right.

It is the insistence of counsel for plaintiffs that the proof shows that the bicycle had reached a point more than half way across the intersection when struck by the defendant's automobile and that the comparative speeds of the bicycle and the automobile clearly indicate that the bicycle entered the intersection before the automobile and, therefore, had the right-of-way over the automobile.

In sustaining the motion for a directed verdict as to counts 3 and 4 the Court pointed out that the State Statute and the City Ordinance dealing with the right-of-way at intersections provide that the driver of a vehicle on a highway, on approaching an intersection, must yield the right-of-way to a vehicle *which has entered the intersection from a different highway* and that, since the proof shows without contradiction that the bicycle entered the highway from a private drive-way it was not within the purview of the statute relied on.

█ Section 59-831 T.C.A. provides: *"The driver of a vehicle about to enter or cross a highway from a private road of driveway shall yield the right-of-way to all vehicles approaching on said highway."*

We agree with the trial Judge that, since the bicycle entered the street from a private drive-way, it was the duty of the bicycle to yield the right-of-way to a car approaching on the street or highway and that the State Statute and the City Ordinance relied on by plaintiffs do not apply.

It results that assignments Nos. 3 and 4 are overruled.

█ ▪Plaintiff's 5th assignment of error is directed to

the action of the Court in overruling the 5th ground of their motion for a new trial, which complains of misconduct on the part of the jury when one of the jurors, Mrs. Ruby B. Inman, disturbed the proceedings by jumping up from her set during the deliberations, running to the window and waving and shouting to some one on the street below whom she believed was her husband who was to meet her at one o'clock on the day the case was submitted to the jury. It is said that she enlisted the aid of another juror who left the deliberations and stood at the window to watch for Mrs. Inman's husband.

As a result of this conduct a number of the jurors were called to testify when the motion for a new trial was heard and the Court correctly concluded that the actions complained of did not constitute such misconduct as to require him to grant a new trial.

With respect to the conduct complained of, it is shown by the evidence that Mrs. Inman went to the window and watched for her husband at the beginning of the jury's deliberations and before any vote was taken, and it is shown that after this occurred three ballots were taken before the jury reached it's verdict.

The trial Judge, after hearing the testimony on this question, stated, "I find nothing here that would infer there was anything wrong in the conduct of the jury or anything entered into their deliberations which might have unduly influenced them."

In Sparks v. King's, Inc., 19 Tenn. App. 569, 92 S. W. (2d) 199, it was said:

"There is always a presumption that the jury acted properly and was guilty of no improper conduct,

and, as was said in Zirkle v. Stegall, 163 Tenn. 323, at page 328, 43 S. W. (2d) 192, the discretion of the presiding judge in matters like these is broad. See, also, Travis v. Bacherig, 7 Tenn. App. 638, and Tabler v. Conner, Adm'x, 1 Baxt. (60 Tenn.) 195.''

We agree with the conclusion of the trial Judge and, therefore, assignment No. 5 is overruled.

■ Assignment No. 6, charges error on the part of the Court in not sustaining plaintiff's objection to the testimony of the defendant Mrs. Ross when she said, ''And there wasn't any way I could avoid them because the car was on this side, I was right on this side.''

It is pointed out that the witness, at the time this testimony was given, had a picture in her hand, one of the exhibits, and was showing it to the jury and explaining what the situation was.

■ We think there is no substance in the assignment and, even if there were, the harmless error statute should be invoked since it does not affirmatively appear that this statement affected the verdict.

It results that all the assignments are overruled and the judgment of the trial Court is affirmed.

Affirmed.

Humphreys and Chattin, JJ., concur.