William R. EDGAR, Executor of the Estate of Charles Monroe Fitzpatrick, Deceased, (Plaintiff) Respondent,

v.

Carl FITZPATRICK, Vesta Fitzpatrick and June Hitt, (Defendants), Marvin Fitzpatrick, Opal Williams and Jessica Rice, (Defendants), Appellants,

and

Faye Varnum, Guardian of the Person and Estate of Jettie Fitzpatrick, Incompetent, (Defendant), Respondent.

No. 50369.

Supreme Court of Missouri,

En Banc.

April 13, 1964.

William H. Wyne, Jr., and Ray T. Dreher, Clayton, for defendants-appellants.

Dearing, Richeson & Weier, Will B. Dearing, Hillsboro, for defendant-respondent Faye Varnum, guardian of the person and estate of Jettie Fitzpatrick

William R. Edgar, Jr., Ironton, for respondent executor.

John B. Gage, Kenneth V. Butler, of Gage, Hodges, Moore, Park & Kreamer, Kansas City, for amicus curiae.

HYDE, Judge.

Action for declaratory judgment by the executor of the estate of Dr. Charles Monroe Fitzpatrick, deceased, to construe his will, to determine whether personal property referred to in a revocable declaration of trust should be considered part of his estate, and to determine the distribution required to be made. The principal issue is whether personal property (shares of Keystone Fund of Canada, Ltd.) referred to in the declaration of trust made by him, before he made his will, should be considered as a part of his estate in determining the amount to be distributed to his widow. The trial court found in favor of the widow, entered judgment that the value of the trust property should be included in determining the amount which was to go to the widow and ordered all legacies and devises abated proportionately to realize the necessary funds. The three children of Dr. Fitzpatrick by a former marriage, who were named in the declaration of trust, have appealed.

The Springfield Court of Appeals reversed the judgment and remanded with directions to enter a decree which would not include the value of the trust property in determining the amount to go to the widow (Edgar v. Fitzpatrick, Mo.App., 369 S.W.2d 592), and on application of the widow's guardian we transferred the case here. The "Revocable Declaration of Trust" and paragraph 7 of Dr. Fitzpatrick's will (making provision for his widow) are set out in full in the opinion of the Court of Appeals (369 S.W.2d 594–595) and are incorporated herein by reference. We also refer to the opinion of the Court of Appeals for other material facts.

■ Sec. 474.150, subd. 1 provides: "Any gift made by a person, whether dying testate or intestate, in fraud of the marital rights of his surviving spouse to share in his estate, shall, at the election of the surviving spouse, be treated as a testamentary disposition and may be recovered from the donee and persons taking from him without adequate consideration and applied to the payment of the spouse's share, as in case of his election to take against the will." The notes of the 67th General Assembly committee say this "is similar in effect to the case law in this state." Thus the issue would still be whether the gift involved was in fraud of the marital rights of the surviving spouse. Certainly the provision that such a gift "be treated as a testamentary disposition" means that it would become an estate asset when the statute is applicable to the situation. In this case, the Court of Appeals (369 S.W.2d 1. c. 602) said "since we must determine the question upon the test of motive and purpose, we are forced to conclude that the evidence does not show the transfer was in fraud of the widow's marital rights." The basis of this view of the Court of Appeals was that the amount of the assets involved in the transfer were not so disproportionate (about one-third of property he then owned) as to permit inference of fraudulent intent to deprive his wife of her marital rights, relying on Potter v. Winter, Mo.Sup., 280

S.W.2d 27, and Wahl v. Wahl, 357 Mo. 89, 206 S.W.2d 334. Although the income tax claim against Dr. Fitzpatrick later reduced his estate to such an extent that the final result would be disproportionate, the Court of Appeals noted there was no evidence that he knew of this claim.

Support for the view of the Court of Appeals may be found in the American Law Institute Restatement of Trusts, Second, Sec. 57, stating: "Where an interest in the trust property is created in a beneficiary other than the settlor, the disposition is not testamentary and invalid for failure to comply with the requirements of the Statute of Wills merely because the settlor reserves a beneficial life interest or because he reserves in addition a power to revoke the trust in whole or in part, and a power to modify the trust, and a power to control the trustee as to the administration of the trust." Comment c, Sec. 57, states: "The rule stated in this Section is applicable although the trust is one which could not be created by will. * * * Thus, if it is provided by statute that the wife of a testator shall be entitled to a certain portion of his estate of which she cannot be deprived by will (see § 146A), a married man can nevertheless transfer his property inter vivos in trust and his widow will not be entitled on his death to a share of the property so transferred, even though he reserves a life estate and power to revoke or modify the trust. Where, however, an outright gift would not operate to deprive the wife of her distributive share, a trust created under the same circumstances would be equally ineffective."

■ There is authority for holding that a trust reserving such broad powers as this one does is illusory and not real and therefore ineffective to deprive a wife of her marital rights. A leading case on this subject is Newman v. Dore, 275 N.Y. 371, 9 N.E.2d 966, 112 A.L.R. 643, a more extreme case than this because the trust was created much nearer to the time of the testator's death and transferred all his prop-

erty.' (See discussion of this case in 1 Scott on Trusts 472, Sec. 57.5.) In that case, the settlor reserved the power to revoke the trust and provided that the trustees should be subject to his control during his lifetime and should exercise their powers only in such manner as he should direct. The Court said: "Perhaps 'from the technical point of view such a conveyance does not quite take back all that it gives, but practically it does.' That is enough to render it an unlawful invasion of the expectant interest of the wife. \* \* \* Judged by the substance, not by the form, the testator's conveyance is illusory, intended only as a mask for the effective retention by the settlor of the property which in form he had conveyed." See annotation 49 A.L.R.2d 521. In this case, the settlor was the sole trustee and it would seem that he had every power he would have over his own property not in trust. See Atlantic National Bank of Jacksonville, Florida v. St. Louis Union Trust Co., 357 Mo. 770, 211 S.W.2d 2. No doubt, nearness to time of death, the proportion of the settlor's property involved and fairness to the wife of the trust involved are all matters to be considered; but the evidence in this case does not clarify the situation as to all these matters.

■ However, we find an even more essential reason why the validity of this claimed trust cannot be sustained, namely: "A trust cannot be created unless there is trust property." A.L.I. Restatement of Trusts, Second, Sec. 74. "An interest which has not come into existence \* \* \* cannot be held in trust." Sec. 75, Restatement of Trusts. This applies, Comment a, Sec. 75, "where the settlor has not acquired an interest in the thing which is the subject matter of the purported trust, although other persons have interests in it." Furthermore, "A trust cannot be created unless the subject matter is definite or definitely ascertainable." Sec. 76, Restatement of Trusts, Comment a, Sec. 76, states: "A trust is not created if the identity of the subject matter remains wholly in the con-

trol of the settlor, or if the description of it is so indefinite that it cannot be ascertained." Comment b, Sec. 76, states: "Although no trust is created where the subject matter is not definite or definitely ascertainable, a trust may subsequently arise when it becomes definite or definitely ascertainable if the trustee at that subsequent time manifests an intention to create a trust." No declaration making a subsequent manifestation of intent to create a trust in specific property appears in this case.

■ It is also stated in Sec. 86, Restatement of Trusts: "An expectation or hope of receiving property in the future cannot be held in trust." Comment c, Sec. 86, states: "If a person promises to declare himself trustee of property which he hopes to acquire in the future or to transfer such property to another in trust, or if he purports to declare himself presently trustee of such property or to transfer such property to another in trust, no trust arises even when he acquires the property in the absence of a manifestation of intention at that time." There is no claim of any subsequent declaration of trust in this case.

■ The declaration of trust herein involved, executed July 29, 1957, designated no amount of money for the trust, specified no number of shares intended, described no specific property owned by the settlor, and referred to no schedule of included property. It only stated "having purchased or *declared my intention to purchase* certificates of participation in one or more Series of the Keystone Custodian Funds and/or shares of Keystone Fund of Canada, Ltd., do hereby declare that such certificates or shares, *which may be under a Keystone Open Account, are to be in trust.*" The emphasized part looked to the future and even the reference to Keystone Funds left uncertain the Keystone securities intended. The inventory of Dr. Fitzpatrick's estate showed in his name as trustee Keystone Custodian certificates all dated after the date of the declaration of trust, namely,

August 13, 1957, August 16, 1957, August 19, 1957, November 1, 1957 and June 3, 1959. There was testimony that Dr. Fitzpatrick owned some Keystone shares at the time he executed the declaration of trust which were later reissued in his name as trustee; but these were not specified in the declaration of trust by either number or value and the declaration indicates that it also was intended to apply to future acquired property, necessarily impossible to specifically describe. Dr. Fitzpatrick, at the time of his death, also owned some Keystone shares issued "in his name individually" so it appears that all of his shares were not intended to be included in the trust. An appropriate illustration under Sec. 76, Restatement of Trusts, is: "A declares himself trustee of 'the bulk of my securities' in trust for B. No trust is created." The statement in the declaration of trust as to the property to be included was just as indefinite as that.

On this subject, it is stated in Scott on Trusts, Sec. 75: "A person cannot create a trust of property which he does not own. It is not enough that he once owned it, and it is not enough that he expects to own it in the future. He can, it is true, make a contract to create a trust in the future, provided that the requirements for the formation of a contract are complied with. He cannot, however, create a present trust, either by making a transfer to another in trust or by declaring himself trustee, unless he is the present owner of an interest in the property." Sec. 76: "A trust cannot be created where the subject matter is not definite or definitely ascertainable from facts existing at the time of the creation of the purported trust. Until the trust property is ascertained, no trust arises. Where the settlor purports to transfer property in trust, the conveyance is ineffective to transfer the property unless it is ascertained. Similarly where the settlor purports to declare himself trustee of property not yet ascertained, no trust is created." Sec. 86: "It is obvious that a person cannot create a trust of property in which he has no interest. The mere fact that he hopes and expects to acquire the property in the future does not give him any interest of which he can be trustee, or of which he can make another trustee, before he acquires it. Where he purports to create a present trust of property which he does not own but which he expects thereafter to acquire, no trust is presently created. This is true whether he purports to make a transfer in trust or to declare himself trustee."

We said in Trautz v. Lemp, 329 Mo. 580, 46 S.W.2d 135, 139, "[A] trust must arise at the time it is attempted to be created, instead of being brought forth by subsequent and independent circumstances. * * * In order to create a valid express trust, it is necessary that some estate or interest be conveyed to the trustee, and, when the instrument creating the trust is other than a will, that estate or interest must pass immediately." See also Van Studdiford v. Randolph, Mo.App., 49 S.W. 2d 250, 255; 54 Am.Jur. 44, Trusts, Sec. 32; 89 C.J.S. Trusts § 9, page 720.

We hold that no trust was created by the declaration of July 29, 1957 and, therefore, the Keystone shares must be considered as assets of the estate of Dr. Fitzpatrick. The trial court did not base its judgment on these reasons (see 369 S.W.2d l. c. 596) but a correct decision will not be disturbed because the court gave a wrong or insufficient reason therefor. See cases cited West's Missouri Digest, Vol. 3, Appeal and Error, Certainly this should apply to a correct result in a declaratory judgment action. Therefore it is ordered that the judgment be modified in accordance with the views herein expressed and as modified affirmed.

All concur.