**Larry Edward BURR, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 36889.**

Missouri Court of Appeals,
Western District.

Feb. 11, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Robert Davis Aulgur, Asst. Atty. Gen., Jefferson City, for appellant.

Donald L. Davis, Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

This is an appeal by the Director of Revenue from an order made by the circuit court sustaining the petition of Larry Edward Burr for review of his driver's license suspension entered December 3, 1984. The circuit court ordered reinstatement of Burr's license and appellant contends that judgment was in error. The issue on this appeal is whether the license was validly suspended under the conditions required by §§ 302.500–.540, RSMo.Cum.Supp.1984.[1] The decision by the circuit court is affirmed.

The facts of the case were presented to the court by an oral stipulation recited by the attorney for the Director. That recitation described the arrest of Burr on September 13, 1984 at 150 Highway and 71 Highway in Jackson County by a Grandview police officer who observed Burr driving an automobile at an excessive rate of speed and leaving the traveled portion of the road. Burr appeared to be intoxicated. He was taken to the Grandview Police Station where a breathalyzer test was administered. The test result was .16 percent.

 The trial court reversed the license suspension order on the ground that the evidence did not show probable cause for the arresting officer to believe, prior to administration of the breathalyzer test, that the blood alcohol content of respondent equalled or exceeded .13 percent. In *Collins v. Director of Revenue*, 691 S.W.2d 246 (Mo. banc 1985), decided after the trial court entered judgment in this case, it was held that an arrest under § 302.510 is valid if the officer had probable cause to believe the subject was driving while intoxicated or driving with excessive blood alcohol content. It is unnecessary to show proof of probable cause to believe the blood alcohol content was at a specific percentage level. The basis for reversal of the suspension upon which the trial court relied is no longer viable after *Collins*.

Our inquiry, however, does not end at this point. In a court tried case, a correct decision will not be disturbed because the trial court gave a wrong or insufficient reason therefor. *Reed v. Foulks*, 675 S.W.2d 695, 698 (Mo.App.1984); *Edgar v. Fitzpatrick*, 377 S.W.2d 314, 318 (Mo. banc 1964). Here if the proof supporting the license suspension was otherwise deficient as measured by the requirements of §§ 302.500–.540, the judgment is entitled to affirmance, the question of probable cause notwithstanding.

The evidence presented to the circuit court in this case consisted of an oral stipulation recited for the record by the state's attorney. The agreement was presented in the form of a summary purporting to be a rescript of the testimony which would be given by the arresting officer were he called to testify. In the matter of the breathalyzer test results, the stipulation contained no testimony that the officer was certified to administer breathalyzer tests or held an operating permit and no representation as to what procedures the officer followed in administering the test. If a report was made in conjunction with the breathalyzer test as required by § 302.510.-1, it was not offered in evidence and no reference to the preparation of such a report was included in the stipulation. It was merely asserted that the officer would testify he gave Burr the test "and it registered .16".

 In the trial de novo of a driving license suspension before the circuit court, the burden is on the state to make a prima facie case. Section 302.535. Proof that the subject's blood alcohol concentration was thirteen-hundredths of one percent or more is essential to sustain imposition of the license suspension penalty. Section 302.505.1. The extent of alcohol consumption may be shown by the results of a breathalyzer test, but only if the test was performed according to methods approved

---

1. All statutory references are to RSMo.Cum. Supp.1984.

by the state division of health and then, only if the test was administered by licensed medical personnel or by a person possessing a valid permit issued by the division of health. Section 577.020. A prima facie case is not made by the state based on breathalyzer test results unless proof is offered that the test was performed in accordance with the requirements of the statute. *Collins v. Director of Revenue, supra,* at 253.

The state failed to make a case supporting the previously ordered suspension of Burr's driving license because the limited stipulation quoted above did not qualify the breathalyzer test result for admission as evidence of the blood alcohol concentration required for suspension of the license under § 302.505.1. This is not to say that a breathalyzer test result may not be the subject of a stipulation if the agreement waives the accompanying proof of test conditions and the qualifications of the officer. Here, there was no stipulation as to the result, only as to the content of the officer's testimony.

The judgment ordering reinstatement of respondent's license is affirmed.

All concur.