IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 21, 2011 Session

**ROBERT H. GOODALL, JR. v. WILLIAM B. AKERS**

**Appeal from the Circuit Court for Sumner County**
**No. 26169-C      Tom E. Gray, Chancellor**

**No. M2010-01584-COA-R3-CV - Filed March 1, 2011**

FRANK G. CLEMENT, JR., J., dissenting.

Unlike the majority, I do not believe the trial court abused its discretion by prohibiting Mr. Akers' two expert witnesses from giving their opinions on whether Mr. Goodall's reliance on Mr. Akers' representations was reasonable. Furthermore, even if the exclusion of this testimony was error, I find it to be harmless error. Therefore, I respectfully dissent.

First, I submit it was not error for the trial court to prohibit the experts from giving their opinions on whether Mr. Goodall's reliance was reasonable, the ultimate issue in this case. Expert witnesses are permitted to give opinions on ultimate issues under Tenn. R. Evid. 704, provided however, that the testimony is "otherwise admissible." Pursuant to Tenn. R. Evid. 702, expert testimony is admissible only if it will "substantially assist the trier of fact to understand the evidence or to determine a fact in issue." *See* Neil P. Cohen, Sarah Y. Sheppeard & Donald F. Paine, Tennessee Law of Evidence, § 7.04[3](c) (5th ed. 2005). I submit the trial court was just as qualified as the expert witnesses to draw a conclusion concerning whether Mr. Goodall's reliance on Mr. Akers' representations was reasonable based on the facts of this case.[1] The conclusions to be drawn from the relevant facts, including Mr. Goodall's level of sophistication in business matters and real estate transactions, the nature of his relationship with Mr. Akers, simply did not require explanation by the two expert witnesses at issue, an attorney and a real estate developer.

---

[1]The Advisory Committee's Note to Fed. R. Evid. 704, a rule virtually identical to Tenn. R. Evid. 704, states: "The abolition of the ultimate issue rule does not lower the bar so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact . . . ."

Therefore, the expert opinions were appropriately excluded because they failed to satisfy "the substantial assistance rule" of Tenn. R. Evid. 702, and the trial court did not abuse its discretion by prohibiting Mr. Akers' two expert witnesses from testifying regarding this particular issue.

Second, it is critical to note that the trial court did not prohibit the experts from testifying altogether; rather, Mr. Akers chose not to have the experts testify as to other matters which may have been relevant. Pursuant to Tenn. R. App. P. 36, his failure to do so should bar him from receiving the relief he now seeks before this court.[2] As Tenn. R. App. P. 36 provides, this court:

> [S]hall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order; provided, however, relief may not be granted in contravention of the province of the trier of fact. Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.

In the June 10, 2010 Memorandum regarding its ruling on the testimony at issue, the trial court specifically provided that, "**[n]o prohibition was made by the court that the defendant's expert witnesses could not testify**; they would not be allowed to give an opinion on the ultimate issue to be decided by the court after determination of fact." (Emphasis added).

As the trial court clearly stated, Mr. Akers' experts could have testified, for example, about how the facts of this case compared with industry customs and practices concerning the purchase and sale of real property similarly situated, or the availability of information about the dam and any opportunities Mr. Goodall may have had to discover Mr. Akers' alleged fraud. These matters could have been discussed by the experts without the need to opine on the ultimate issue of reasonable reliance. With that additional testimony, the trial court could have reached its own conclusion concerning whether Mr. Goodall's reliance was reasonable.

By failing to introduce the testimony of his expert witnesses to the extent permitted by the trial court, Mr. Akers failed to take the "action reasonably available to prevent or

---

[2]Admittedly, the defendant made an offer of proof by proposing to introduce their discovery depositions; which the trial court properly rejected as the majority found.

nullify the harmful effect" of the error he has alleged; thus, I submit Mr. Akers is not entitled to relief under Tenn. R. App. P. 36.

Third, even if the trial court's exclusion of the experts' opinions regarding the ultimate issue of reasonable reliance was error, it is my belief that such an error would be harmless. Our Supreme Court addressed the issue of harmless error at length in *Blackburn v. Murphy*, 737 S.W.2d 529 (Tenn.1987):

> Under Rule 36(b), T.R.A.P., an error does not of itself necessarily require reversal; a judgment "shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." In a recent criminal case, this Court was called upon to decide whether an error was harmless or prejudicial. We stated that
>
> > "[a]n error is harmless or prejudicial depending on the extent to which the proof in the record exceeds the standard necessary to sustain a jury decision. . . . Thus, the more convincing the evidence, the less prejudicial the error."
>
> *State v. Bobo*, 727 S.W.2d 945, 955-956 (Tenn.1987). *See also Painter v. Toyo Kogyo of Japan*, 682 S.W.2d 944, 949 (Tenn.App.1984). In *Berke v. Chattanooga Bar Association*, 58 Tenn.App. 636, 654, 436 S.W.2d 296, 304 (1968), the Court of Appeals stated that "[t]he admission of improper evidence of a fact in issue is harmless where the verdict or judgment is supported by sufficient competent evidence . . . or where the fact is undisputed." (Citations omitted) Some version of the principle of harmless error has long been applied by Tennessee courts and our courts have applied it to analogous circumstances to those found in this case. *See, e.g., Austin v. City of Memphis*, 684 S.W.2d 624, 631 (Tenn.App.1984); *James v. Ross*, 51 Tenn App. 413, 422, 369 S.W.2d 1, 5 (1962); *Cook v. Blytheville Canning Co.*, 210 Tenn. 414, 420, 359 S.W.2d 828, 831 (1961); *Union Railway Co. v. Hunton, supra*, 114 Tenn. at 631, 88 S.W. at 188; *Cumberland Telegraph & Telephone Co. v. Dooley, supra*, 110 Tenn. at 112, 72 S.W. at 459. The soundness of the reasoning of this Court in *Maddin v. Head*, 69 Tenn. 664, 670 (1878), has not been eroded during the ensuing 109 years, especially as it is applicable to a case in these circumstances:
>
> > "Where the error is such as to deprive the party of that fair impartial trial which the law guarantees, then we have no

discretion; but if perfectly strict law and literal accuracy be in all cases required, then comparatively few judgments could stand, and delay and expense would in great measure defeat the ends of justice. Strong presumption in favor of the correctness of judgments below should prevail in this court."

*Id.* at 534.

I submit the trial court's exclusion of the expert testimony at issue was harmless error (if error at all) because, as this court determined in the first appeal of this case, Mr. Akers' defense of unreasonable reliance was based, in part, upon the contention that "Goodall's experience in the business of real estate development, his knowledge of possible problems with the dam, and his failure to further investigate made his reliance on Mr. Akers' representations concerning the condition of the dam unreasonable." *Goodall v. Akers*, No. M2008-01608-COA-R3-CV, 2009 WL 528784, at *6 (Tenn. Ct. App. March 3, 2009). As this court stated in that opinion:

In determining the reasonableness of a plaintiff's reliance, a number of factors should be considered:

(1) the plaintiff's business expertise and sophistication; (2) the existence of a longstanding business or personal relationship between the parties; (3) the availability of the relevant information; (4) the existence of a fiduciary relationship; (5) the concealment of the fraud; (6) the opportunity to discover the fraud; (7) which party initiated the transaction; and (8) the specificity of the misrepresentation.

*Pitz v. Woodruff*, M2003-01849-COA-R3-CV, 2004 WL 2951979, *10 (Tenn.Ct.App. Dec. 17, 2004); *see also Allied Sound, Inc. v. Neely*, 58 S.W.3d 119, 122 (Tenn. Ct. App. 2001). **Akers focuses his argument on the first, third, and sixth factors – Goodall's business experience, the availability of information about the dam, and the opportunity to discover the alleged fraud. Akers argues that Goodall's experience in the business of real estate development, his knowledge of possible problems with the dam, and his failure to further investigate made his reliance on Akers' representations concerning the condition of the dam unreasonable.**

*Id.* (emphasis added).

Although testimony regarding industry customs and practices, "the availability of information about the dam, and the opportunity to discover the alleged fraud" from Mr. Akers' experts was not prohibited from being introduced, and could possibly have aided the trial court in deciding whether Mr. Goodall's reliance was reasonable, Mr. Akers chose not to present this proof. As for the conclusion to be drawn from the facts that were presented by the parties, as discussed, the trial court was capable of determining whether Mr. Goodall's reliance was reasonable without an expert's opinion; thus, the exclusion of testimony on that single issue cannot properly be considered an "error involving a substantial right [which] more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b); *Blackburn*, 737 S.W.2d at 534. Therefore, I submit the trial court's decision to prohibit the expert witnesses from opining as to the ultimate issue, if error, was harmless error.

Considering the record as a whole, the fact that the trial court did not exclude Mr. Akers' experts' testimony entirely but only as to the ultimate issue of reasonable reliance, and that Mr. Akers failed to introduce the testimony of his expert witnesses concerning industry customs and practices or "the availability of information about the dam, and the opportunity to discover the alleged fraud," I have no difficulty concluding that ample convincing evidence exists to affirm the trial court's finding that Mr. Goodall's reliance upon Mr. Akers' material misrepresentations was reasonable as a matter of fact and as a matter of law.

Accordingly, for the reasons stated above, I would affirm the trial court.


_____
FRANK G. CLEMENT, JR., JUDGE