SUSAN B. LEWIS STRYPE v. CHARLES Q. LEWIS, JR., Defendant and Appellant, and LULU M. LEWIS, Defendant and Respondent.— No. 38791.—180 S. W. (2d) 688.

Division One, May 2, 1944.

Rehearing Denied, June 5, 1944.

*W. B. Brewster* and *J. B. Dudley* for appellant; *R. R. Brewster, Jr.,* of counsel.

*S. Ralph Stone* and *Walter A. Raymond* for respondent.

1006

VAN OSDOL, C.—Suit in equity, and for a declaratory judgment, to establish a trust in a two-fifths interest in five parcels of real property and to subject the property to a judgment lien. Defendant-appellant by answer seeks a declaration of the same trust against his codefendant (respondent). Plaintiff, who is not a party to this appeal, is the former wife of defendant (appellant) Charles Q. Lewis, Jr. Plaintiff had procured a decree of divorce in the year 1926; in 1931 the decree had been modified to allow plaintiff a monthly sum for maintenance; appellant has failed to entirely meet the obligation of the decree as modified. Lulu M. Lewis, defendant (respondent), is the second (and estranged) wife of Charles Q. Lewis, Jr.

By the residuary clause of his will, Charles Q. Lewis, Sr., who died July 7, 1932, had bequeathed and devised two-fifths of the residue of his estate, which included the five parcels of land here in controversy, "to Lulu Lewis, the wife of Charles Q. Lewis, Jr."

The petition alleged that the will of Charles Q. Lewis, Sr., was made September 24, 1931, seven days after plaintiff had obtained the modification of her divorce decree; that Charles Q. Lewis, Sr., Charles Q. Lewis, Jr., defendant-appellant, and Lulu M. Lewis, defendant-respondent, conspired and agreed, with intent to defraud plaintiff as

judgment creditor, that the two-fifths interest in the land was to be the property of defendant-appellant and that defendant-respondent was "merely to be the holder in trust of the title thereto" subject to the control of defendant-appellant. By separate answer, appellant admitted the judgment for maintenance; admitted the will "purports to devise" the two-fifths interest to respondent; denied the conspiracy to hinder the collection of plaintiff's judgment; but alleged, on the contrary, that at the time of the execution of the will "there was an oral agreement entered into by and between the said Charles Q. Lewis, Sr., and the defendant Lulu M. Lewis by the terms of which it was agreed that a two-fifths interest in the property . . . would by said Will be devised and bequeathed to Lulu M. Lewis to be held in trust by her only if and until the defendant Charles Q. Lewis, Jr., was physically and mentally able to assume charge and possession of said property or interest therein and it being further understood and agreed that the said defendant Lulu M. Lewis would . . . divest herself of any interest in or to said property and vest the same in the defendant Charles Q. Lewis, Jr., . . .; that the purpose for such an arrangement . . . was for the protection of the defendant Charles Q. Lewis, Jr., he having met, prior to the execution of said Will . . ., with an automobile accident resulting in a serious physical and mental condition and it not being known at the time of the execution of said Will by the said Charles Q. Lewis, Sr., whether the defendant Charles Q. Lewis, Jr., would be physically or mentally able to take charge and possession of said property or interests therein. . . ."

The separate answer of defendant-respondent in pleading to the separate answer of appellant contained a general denial, and pleas of the Statutes of Frauds and Uses of the State of Missouri, Statute of Limitations, laches, and that appellant is not entitled to any relief in a court of conscience.

At the conclusion of plaintiff's and respondent's evidence the trial court gave an "instruction in the nature of a demurrer to the evidence" to the plaintiff's case; thereupon the trial continued upon issues between appellant and respondent, at the conclusion of which the court gave an "instruction in the nature of a demurrer to the evidence" to appellant's case and discharged the respondent with her costs.

 In an action for a declaratory judgment (Section 1126, R. S. 1939 et seq., Mo. R. S. A., sec. 1126 et seq.) an issue of fact may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding in pending. Section 1134, R. S. 1939, Mo. R. S. A., sec. 1134. "Relief by declaratory judgment is sui generis, and while not strictly legal or equitable, yet its historical affinity is equitable." Liberty Mutual Ins. Co. v. Jones, 344 Mo. 932, 130 S. W. 2d 945; Maxwell v.

Andrew County, 347 Mo. 156, 146 S. W. 2d 621. And the issues raised by the pleadings in the case at bar are those cognizable in a court of equity. Respondent's and appellant's requests for instructions in the nature of demurrers to the evidence had no effect except to rest the case and submit the issues to the trial court for decisions on the merits. Fullerton v. Fullerton, 345 Mo. 216, 132 S. W. 2d 966. "Whether a declaratory judgment action is decided for or against the plaintiff, there should be a declaration in the judgment or decree defining the rights of the parties.under the issues made." Declaratory Judgments, Judge Laurance M. Hyde, Vol. 26, W. L. Q., pp. 486-487, and see also p. 489; Smith v. Pettis County, 345 Mo. 839, 136 S. W. 2d 282; Frazier v. City of Chattanooga, 156 Tenn. 346, 1 S. W. 2d 786.

It is the contention of appellant that the evidence adduced was such as to compel a decree that the undivided two-fifths interest in the real property should be impressed with a constructive trust in favor of appellant; and that the Statute of Frauds (and Uses) may not be used as a shield for fraud—one acquiring legal title by a verbal promise to hold property for a specific purpose will be deemed to hold title as trustee for the true beneficiary notwithstanding the Statute of Frauds. Respondent urges that facts sufficient to establish a constructive trust were neither pleaded nor proved by appellant, and that the testimony adduced by appellant failed in the degree of proof necessary for relief.

It was the testimony of appellant that there was an agreement between respondent and appellant's father, the elder Lewis, testator, that respondent was to receive the devise of the two-fifths interest in the property and hold the same in trust for appellant until he had recovered physically and mentally from the effects of an automobile accident which he had theretofore suffered, and then to convey the interest in the property to him. Witnesses for appellant testified that the elder Lewis had frequently declared prior and subsequently to the making of his will that he intended to (and had) devised the two-fifths interest in the property unto respondent in trust for appellant upon her, respondent's, agreement to convey the property to appellant upon his recovery from his injuries. Evidence was introduced of the respondent's statements, admissions, that the elder Lewis had devised to her the interest in the property, she to convey to appellant upon the recovery of his physical and mental faculties. It was the testimony of appellant, and of the scrivener of the will, that upon the day of the making of the will respondent reaffirmed to the elder Lewis, testator, her agreement that she would hold the interest in the property devised for appellant and convey to him, as pleaded in the answer of appellant, supra.

It is observed that the appellant did not plead or prove that a relation of confidence existed between the elder Lewis and re-

spondent, nor did the appellant plead or prove that, at the time she gave her assent, respondent did not intend to fulfill her alleged agreement. One of the vexatious problems of the courts is whether equity ought to decree a constructive trust where a donee by deed or will, having received property under an oral promise to hold it for the donor or another, relies upon the applicable section of the Statute of Frauds or statutes regarding the execution of wills, refuses to perform the promise, and retains the property for his own use. Vol. 3, Bogert, Trusts and Trustees, sec. 495, p. 1585. In the case at bar, the creation of a trust of the two-fifths interest in the real property was not proved by the will or by any other writing signed by the elder Lewis and so, as an express trust, it was void. Section 3494, R. S. 1939, Mo. R. S. A., sec. 3494.

█ Cases have been cited by respondent in support of her contention that the appellant did not plead and prove facts entitling him to the remedy, a constructive ██ trust, including the case of Ferguson v. Robinson, 258 Mo. 113, 167 S. W. 447, wherein it is stated,

" 'Equity does not pretend to enforce verbal agreements in the face of the Statute of Frauds, and the person holding the legal title to real estate will not be decreed to be a constructive trustee, unless there is something more in the transaction than the mere violation of a parol agreement. Accordingly, the mere refusal of a trustee to execute an express trust, or the denial of the existence of the trust by him, does not make a case for raising a constructive trust. And where a conveyance in trust is made voluntarily, without solicitation or undue influence, and no fraud is shown prior to, or contemporaneous with, the execution of the deed, but consists in denying and repudiating the agreement to reconvey, it will not remove the case from the operation of the Statute of Frauds.' [1 Beach on Modern Equity Jurisprudence, sec. 234.] '' The case is in accord, we believe, with the general ruling of the decisions in this country wherein constructive trusts are sought to be invoked in courts of equity upon real property conveyed by voluntary deed. 26 R. C. L., Trusts, sec. 85, pp. 1238-9; 65 C. J., Trusts, sec. 223, pp. 470-2. Other cases cited by respondent follow the principle stated in Ferguson v. Robinson, supra. See Purvis v. Hardin, 343 Mo. 652, 122 S. W. 2d 936; Parker v. Blakeley, 338 Mo. 1189, 93 S. W. 2d 981; Gates Hotel Co. v. C. R. H. Davis Real Estate Co., 331 Mo. 94, 52 S. W. 2d 1011 (oral agreement of a purchaser at foreclosure sale); Young v. Kansas City Life Ins. Co., 329 Mo. 130, 43 S. W. 2d 1046 (oral agreement of a purchaser at foreclosure sale); Long v. Conrad (Mo. Sup.), 42 S. W. 2d 357.

In the case at bar, the two-fifths interest in the real property was *devised* to respondent.

Though the establishment of a constructive trust (by oral evidence) in property devised or bequeathed may be had, it is not dependent, upon the pleading and the proof of the exercise of actual intentional

fraud prior to or contemporaneously with the making of the will (or the existence of a fiduciary relation); the rule being that, where the testator devises or bequeaths property to a person *in reliance* upon his agreement to hold the property in trust for or to convey it to a third person, the devisee or legatee holds the property upon a constructive trust for the third person. Restatement of the Law of Restitution, Subsection (1), sec. 186, p. 757; Vol. 3, Scott on Trusts, sec. 491, p. 2379. See also Vol. I, Restatement of the Law of Trusts, Subsection (1), sec. 55, p. 160. ''The constructive trust which is imposed under the rules stated in this Section (these Sections) arises out of the breach of an intended express trust which is unenforceable because of the failure to comply with the requirements of the Statute of Wills . . . '' Comment (a), sec. 55, Restatement of the Law of Trusts, supra.

The principle so restated if invoked without the proof of actual intentional fraud is not of universal recognition. See Vol. 4, Pomeroy's Equity Jurisprudence, 5th Ed., sec. 1054; 26 R. C. L., Trusts, sec. 89, p. 1243. But ·by the weight of authority the principle is recognized whether the devisee or legatee, when he gave his assent, intended fraud or not. Vol. 3, Scott on Trusts, sec. 491, supra; 26 R. C. L., Trusts, sec. 89, supra. The principle rests upon a basis that the disposition of the will was made *in reliance* upon the verbal, or tacit, agreement of the devisee (or legatee); though the acquiring of the property was not wrongful, the testator having relied upon the agreement and consequently disposing of the property to the devisee or legatee, it would be unjust and unconscionable to permit a retention of the property inconsistent with the agreement upon which the testator relied in making the testamentary disposition. Although the agreement cannot be enforced as an express trust, the devisee or legatee would be unjustly enriched if he were permitted to retain the property which he would not have acquired but for his agreement to hold it in trust for or to convey it to a third person. Comment (b), Restatement of the Law of Restitution, sec. 186, supra.

See the interesting case of Gilpatrick et al. v. Glidden et al., 81 Me. 137, 16 Atl. 464, wherein many of the early English and American cases upon this question are reviewed. A statement of a basis of the rule by Wood, V. C., in the case of Wallgrave v. Tebbs, 2 Kay & J. 313, at page 321 (Chancery, 1855), is said (Jones v. Badley, L. R., 3 Ch. 362) to be ''the clear and felicitous exposition'' of the law,

''Where a person, knowing that a testator in making a disposition in his favor intends it to be applied for purposes other than his own benefit, either expressly promises, or by silence implies, ▮▮▮ that he will carry the testator's intention into effect, and the property is left to him upon the faith of that promise or undertaking, it is in effect a case of trust; and, in such a case, the Court will not allow the devisee to set up the Statute of Frauds—or rather the Statute

of Wills, by which the Statute of Frauds is now, in this respect, superseded; and for this reason:—the devisee by his conduct has induced the testator to leave him the property; and, as Lord Justice Turner says in *Russell* v. *Jackson* (10 Hare, 204), no one can doubt, that, if the devisee had stated that he would not carry into effect the intentions of the testator, the disposition in his favor would not have been found in the will. But in this the Court does not violate the spirit of the statute: but for the same end, namely, prevention of fraud, it engrafts the trust on the devise, by admitting evidence which the statute would in terms exclude, in order to prevent a party from applying property to a purpose foreign to that for which he undertook to hold it." See Mead v. Robertson, 131 Mo. App. 185, 110 S. W. 1095, where the next of kin were asserted to have induced their relative not to make a will by a promise to dispose of personalty in accord with the relative's direction; Soehngen v. Jantzen (Mo. App.), 186 S. W. 1109; Janssen v. Christian (Mo. App.), 57 S. W. 2d 692 (in this case the "constructive trust" impressed seems to have been merely an equitable charge, or lien, upon the land); Phillips v. Phillips, 50 Mo. 603, where the deeds of gift may have been considered by the court to have been made in contemplation of death and as substitutes for a testamentary disposition (in examining this case see Comment on Subsection (1, c), sec. 45, Vol. I, Restatement of the Laws of Trusts, p. 144). See also Suhre v. Busch, 343 Mo. 679, 1. c. 696, 123 S. W. 2d 8, 1. c. 16.

Although the basis of the principle as stated in the sections of the American Law Institute Restatements, supra, and as stated in many of the decisions is not precisely the same, nevertheless the principle is recognized by the great weight of authority in England and this country.

We rule in accordance with the great weight of authority on this question.

It follows that appellant in his answer pleaded facts (and introduced evidence) from which it could be inferred that the elder Lewis devised the interest in the real property unto respondent in reliance upon an agreement of respondent to hold the property in trust for and convey it to appellant; and so, facts were pleaded by appellant sufficient to constitute a cause of action for the establishment of a constructive trust.

But if a court may grant the relief and upon verbal proof declare a constructive trust, notwithstanding the provisions of the statute, such relief should be granted only upon the most clear, positive and definite proof, such as would leave no reasonable doubt in the mind of the chancellor. If the court of equity were to grant such relief upon verbal proof less than that which would remove from the mind of the chancellor a reasonable doubt, the court would permit the practice of the very fraud the statute was intended to prevent. And

so, it is held by this court that in order to establish a trust by parol and to engraft it on the legal title to real property, the mere preponderance of the evidence is insufficient, and a higher degree of proof is necessary. The evidence must be so clear, cogent, and convincing as to exclude every reasonable doubt from the chancellor's mind. Purvis v. Hardin, supra.

Attending now again the evidence introduced at the trial of the instant case—testimony of appellant and of appellant's witnesses of the agreement (and its reaffirmance) between respondent and appellant's father that respondent was to receive the devise of the two-fifths interest in the property and hold the same in trust for appellant, and convey the same to him upon his recovery from the effects of his injuries; and of the admissions of respondent that the elder Lewis had so devised the interest in the property to her, she to convey to appellant upon his recovery of his physical and mental faculties, was by the respondent categorically denied. And evidence was introduced by respondent that the appellant had on various occasions, since the death of his father, stated, "he didn't have anything, that everything belonged to her (respondent)." It also appears from the evidence that the elder Lewis held respondent in fatherly esteem, as the appellant expressed from the witness stand, "I will say that he considered her like a daughter. Those were his actual words." And there was testimony of one witness that the elder Lewis had declared to him that "he was leaving part of his property to Lulu (respondent) . . . he thought he could depend on Lulu to take care of it and to make good use of it . . . ."

Considering the evidence as a whole, in view of the finding of the chancellor who heard and observed the witnesses and their demeanor as they testified from the witness stand, we are not satisfied that the evidence was so clear, cogent and convincing as to exclude all reasonable doubt of the right of appellant to the relief sought, declaration of a constructive trust.

Although it appears that the trial court ruled the result of the case correctly, the cause should be remanded with directions that the order discharging the respondent with her costs be set aside; and that a judgment be rendered declaring the respondent to be the absolute owner of the legal and equitable title of the two-fifths interest in the land, and that the appellant is not entitled to the relief, a constructive trust.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur, except *Gantt, J.,* who concurs in the result only.