**Anne M. EVANS, Plaintiff, Appellant,**

v.

**Joseph BRUSSEL and Kreszentia Brussel, his wife, The Rengel-Weber Realty Co., H. F. Hahn and Bertha Greber, Clara W. Hahn, last Board of Directors of The Greater St. Louis Corporation, a Corporation, and all the Unknown Heirs, Grantees, or Successors in Title, and the City of St. Louis, a Corporation, Defendants, Respondents.**

No. 45724.

Supreme Court of Missouri, Division No. 1.

March 11, 1957.

Motion to Correct Errors of Fact and Give Declaratory Judgment Denied April 8, 1957.

Anne M. Evans, St. Louis, pro se.

James V. Frank, City Counselor, Oliver T. Johnson, Andrew J. Reis, Associate City Counselors, Freeman L. Martin, Asst. City Counselor, St. Louis, for respondent City of St. Louis.

HYDE, Judge.

Action to determine title to real estate in the City of St. Louis. The court sustained a motion to dismiss on the ground of failure to state a cause of action because of certain matters appearing on the face of the petition and dismissed plaintiff's petition with prejudice. Plaintiff has appealed.

Plaintiff's action was filed May 9, 1951 and her petition stated the following facts. She acquired title by a sheriff's deed made in execution of a circuit court judgment in rem, of October 16, 1930, in a condemnation case in which Joseph and Kreszentia Brussel (owners of the property assessed) and

others were defendants. The special execution was returnable to the February Term 1937 and the property was sold December 24, 1936. Plaintiff recorded her deed March 22, 1937. Thereafter, the property was sold for taxes November 1, 1937 under the provisions of the Jones-Munger Act, Laws 1933, pp. 425–449, which was then in force in the City of St. Louis. (As reenacted see Laws 1939, p. 878; see also Chapter 140, Title 10, this latter reference and all statutory references hereinafter made are to RSMo and V.A.M.S. unless otherwise specified.) The taxes for the years 1930 to 1936 inclusive had been returned delinquent in the name of Joseph and Kreszentia Brussel and after the sale the city received a certificate of title, dated November 1, 1937, on which collector's deed was issued in 1941 and recorded on September 17, 1941. The grounds of the motion to dismiss were that the petition showed on its face that plaintiff had failed to comply with Section 140.600 and that plaintiff's suit was barred by Section 140.-590.

■■■ The City asks dismissal of the appeal on the grounds that plaintiff failed to file a timely motion for new trial and that there is no final judgment because the city filed a cross-bill seeking affirmative relief of determining title in it, which has not been heard by the court. As to the first ground it is sufficient to say that it is not necessary to file a motion for new trial to obtain review of the question of the sufficiency of the petition to state a claim upon which relief can be granted. 42 V.A.M.S. Supreme Court Rule 3.23; as to effect of filing motion see discussion in per curiam opinion in Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55, 63. As to the second ground, the city cannot eat its cake and have it too; it cannot say it has been finally determined that plaintiff has no claim to the land (by dismissing her petition with prejudice) and then say there is still an issue to be tried between the city and plaintiff to determine title. The city after filing an answer (stating the same grounds as its

motion to dismiss) and cross-bill for determination of title, objected to the hearing of evidence and insisted on the matter being determined on the pleadings on its motion to dismiss. This amounted to an abandonment, waiver and withdrawal of its answer and cross-claim. See Kelerher v. Henderson, 203 Mo. 498, 516, 101 S.W. 1083. While Section 510.170 prevents a plaintiff's dismissal, either voluntarily or by taking an involuntary nonsuit, from having any effect to dismiss a defendant's cross-claim, this does not apply to a defendant's own dismissal or action having that effect. We, therefore, hold there was a final appealable judgment in this case.

Section 140.590 provides that any suit against a tax purchaser "for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes [except in certain specified cases as to which there are no allegations in this petition] shall be commenced within three years from the time of recording the tax deed, and not thereafter." Plaintiff's petition shows that this suit is barred by that statute in so far as it seeks any relief against the collector's deed to the city. Granger v. Barber, 361 Mo. 716, 236 S.W. 2d 293; Pettus v. City of St. Louis, 362 Mo. 603, 242 S.W.2d 723. However, that is not the only relief plaintiff seeks. Her petition states that she claims to be the owner in fee simple, stating the source of her title; that defendants other than the city claim some title; that the city claims some title under the tax deed, the description in which is not stated but is alleged to have been based on an improper description; and that she "prays the Court to try, ascertain, and determine the estates, title and interest, and to hear and finally decide and determine any and all rights, claims, interest, liens and demands whatsoever of the parties or any of them, concerning or affecting the real property hereinbefore described, and by its decree to adjudge, determine, settle, quiet and define the respective rights, claims, titles, interest, liens, demands and estate of plaintiff and defendants to said real property." The deeds re-

ferred to were not attached to or made a part of the petition so were not before the court when it ruled on the motion to dismiss the petition and, of course, are not before us.

Section 527.150 applies to actions to quiet title and provides that any person claiming any title, estate or interest in real property may institute an action against any person claiming any title, estate or interest in such property "to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property." This statute also, if asked in the quiet title suit, authorizes a final determination of all rights, claims, interest, liens and demands, whatsoever of the parties, affecting said real property as fully as the court might or could determine in any other action brought by the parties. We held in the Pettus case, 242 S.W.2d loc. cit. 729 "that a party setting up title in himself, * * * is entitled to an adjudication of his existing title, and if he have no title the court should so adjudge or decree." See also Arcadia Timber Co. v. Harris, Mo.Sup., 285 S.W. 428, 429; White v. Kentlink, 345 Mo. 526, 134 S.W.2d 39, 45; Baker v. Lamar, Mo.Sup., 140 S.W.2d 31; Boatmen's Bank v. Rogers, 352 Mo. 763, 179 S.W.2d 102, 106; Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721. The judgment in a suit to ascertain, determine and define title under Section 527.150 is essentially a declaratory judgment and such actions impose on the court the same duty, namely to make a declaration of rights regardless of which party is entitled to it. Smith v. Pettis County, 345 Mo. 839, 136 S.W.2d 282; Kingston v. St. Louis Union Trust Co., 348 Mo. 448, 154 S.W.2d 39; Strype v. Lewis, 352 Mo. 1004, 180 S.W. 2d 688, 155 A.L.R. 99; King v. Priest, 357 Mo. 68, 206 S.W.2d 547; Preisler v. Doherty, Mo.Sup., 284 S.W.2d 427, 440. The action and judgment of the court herein was not in accordance with the statute. We further note that there is no merit in plaintiff's contention concerning the court's dismissal of the contempt charge made by plaintiff against defendant's counsel.

The judgment is reversed and the cause remanded.

All concur.