Sandra Jo Hicks SAUER,
Plaintiff-Respondent,

v.

Jimmie L. HICKS and Shirley J. Hicks,
his wife, Defendants-Appellants.

No. 12799.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 7, 1983.

Kenneth A. Wagoner, Moore, Bill & Wagoner, P.C., West Plains, for plaintiff-respondent.

John D. Eakes, Willow Springs, for defendants-appellants.

GREENE, Chief Judge.

The sole issue in this appeal is whether the trial court erred in finding for plaintiff, Sandra Sauer, on Count III of her petition, in which count the trial court declared a constructive trust and an equitable lien in the sum of $5,000 and granted Sandra the right to levy execution in that amount against real estate jointly owned by her ex-husband, Jimmie Hicks, and his new wife, Shirley.

Since this was a court-tried case, the judgment will be upheld if it is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Viewed in the light most favorable to the judgment, and keeping in mind the prerogative of the trial court to determine the credibility of witnesses and to accept or reject all, part, or none of their testimony as credible evidence, the evidence was that

Sandra and Jimmie, in contemplation of a divorce, entered into a property settlement agreement which provided, in part, that real estate jointly owned by Sandra and Jimmie in Howell County, Missouri, would be disposed of by Sandra conveying her interest to Jimmie by quit claim deed, upon the condition that when Jimmie sold the property, one-half of the net proceeds would go to Sandra. Sandra delivered the quit claim deed to Jimmie and then obtained a divorce from him in the state of Arkansas.

Jimmie then married Shirley, and later sold the real estate in which Sandra had formerly had an interest. The sale netted him $16,796.20. Jimmie did not give any of this money to Sandra, but used it to pay debts, and for other purposes. Five thousand dollars of the money was used as a down payment on 1.5 acres of land, title to which was taken in the names of Jimmie and Shirley Hicks. Shirley knew that the $5,000 had come from the sale of the property formerly owned by Sandra and Jimmie. Sandra then sued Jimmie and Shirley.

The first count of her petition alleged breach of contract (failure to split the net proceeds of the sale with her) and asked for one-half of the net proceeds. Count II asked for punitive damages, and Count III requested the declaration of a constructive trust and the imposition of an equitable lien against the real estate owned by Jimmie and Shirley that had been purchased, in part, with money due Sandra.

In its judgment for Sandra on Count I, the trial court found that Jimmie had expended $2,950 to improve the property he sold and set off that sum against the $16,-796.20 he received for the sale, which left $13,846.20. Of this amount, he gave Sandra a judgment of $6,923.20 against Jimmie, which is only ten cents off an equal division. It found no damages to Sandra on Count II, and granted Sandra a "special judgment" of $5,000 on Count III and decreed a constructive trust and lien in favor of Sandra against the real estate of Jimmie and Shirley which had been purchased, at least to the extent of $5,000, with proceeds

of the sale of the property formerly owned by Sandra and Jimmie.

After the briefing process was completed here, the cause was remanded to the trial court for entry of an amended judgment, clarifying the trial court's intention as to the legal effect of its judgment on Count III. The amended judgment filed here recites that "plaintiff has a constructive trust and equitable lien to the extent of $5,000 in her favor and against defendants Jimmie L. Hicks and Shirley J. Hicks," against the real estate purchased by Jimmie and Shirley, which the trial court legally described.

Jimmie and Shirley contend that the trial court had no legal right to declare a constructive trust for the benefit of Sandra against their real estate because 1) the land was owned by Jimmie and Shirley as tenants by the entirety, 2) Shirley had no knowledge of Sandra's equitable claim at the time the real estate was acquired, 3) Shirley contributed her own funds in purchasing the property, and was therefore a bona fide purchaser for value, and 4) there was no showing that the proceeds of the sale of the property owned by Sandra and Jimmie were invested in the purchase of the property later acquired by Jimmie and Shirley.

Their contentions have no merit. The evidence is undisputed that $5,000 of the purchase price of the real estate on which the constructive trust was imposed came from funds Jimmie obtained from the sale of the property he and Sandra had owned. Shirley, as well as Jimmie, was aware of these facts. By his failure to appeal the judgment on Count I, Jimmie admits, in effect, that he was holding one-half of the net proceeds of the sale of real estate he and Sandra had jointly owned for Sandra, but instead of paying her, invested $5,000 of that sum in a second parcel of real estate, 'title to which was taken by Jimmie and Shirley.

A constructive trust is a device used by a court of equity to provide a remedy in cases of actual or constructive fraud, to prevent unjust enrichment, or to rectify the result of violation of the confi-

dence or faith one person places in another. *Murphy v. Olds,* 508 S.W.2d 249, 252 (Mo. App.1974); *March v. Gerstenschlager,* 436 S.W.2d 6, 8 (Mo.1969). A breach of promise made during a fiduciary relationship is in itself a fraud, and no other proof of actual or constructive fraud is necessary to establish a constructive trust. *Harlan v. Bishoff,* 649 S.W.2d 230, 233 (Mo.App.1983).

Jimmie committed a fraud against Sandra when he wrongfully failed to pay over to her one-half of the net proceeds of the sale of their real estate. Jimmie and Shirley were unjustly enriched when $5,000 of Sandra's money was used to purchase real estate in Jimmie and Shirley's names. While the law requires clear, cogent and convincing evidence to justify the establishment of a constructive trust, that standard was met in this case. Once a constructive trust has been imposed, the court has the power to trace the proceeds from the trust property. *Feltz v. Pavlik,* 257 S.W.2d 214, 218 (Mo.App.1953). The trial court correctly traced $5,000 of proceeds to the 1.5 acres owned by Jimmie and Shirley.

The trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. The declaration of a constructive trust and imposition of an equitable lien by the trial court was proper and justified by the facts of the case.

Judgment affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.