In re ESTATE OF Blanche N. MURRAY.

Sharon Lee DARBY, Respondent,

v.

Harold TESTERMAN and Anna Marie Testerman, Appellants.

No. WD 46721.

Missouri Court of Appeals,
Western District.

Aug. 31, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1993.

Application to Transfer Denied
Dec. 21, 1993.

Daniel L. Duncan, Bauman & Thackery, St. Joseph, for appellants.

Kim Loving, St. Joseph, for respondent.

Before LOWENSTEIN, P.J., and SPINDEN and SMART, JJ.

SMART, Judge.

Sharon Darby, as Personal Representative of the estate of her grandmother, Blanche N. Murray, filed a petition for discovery of assets and an accounting against her brother, Harold Testerman, and his wife Anna Testerman. The trial court ruled that the Testermans held certain estate property, including a certificate of deposit, in a constructive trust for the benefit of decedent's heirs. The court ordered that the property be delivered to the estate. The Testermans appeal that portion of the trial court's order related to the certificate of deposit.

The judgment is reversed as to the issue on appeal, and the case is remanded for modification of the judgment.

On August 28, 1987, Blanche Nellie Murray died intestate at the age of 83. Mrs. Murray was preceded in death by her second husband, Roe Murray, who died in April, 1982, and by her two children. She was survived by six grandchildren, including Defendant Harold Testerman and Plaintiff Sharon Darby.

Three months after her husband's death, Mrs. Murray added Harold Testerman's name to a certificate of deposit as a joint tenant with right of survivorship. The certificate had a $20,000.00 face value and was originally issued on April 29, 1980. The title of the certificate remained unchanged from 1982 until Mrs. Murray's death in 1987, at which time the certificate was surrendered to Mr. Testerman as the surviving joint tenant. Mrs. Murray also added her grandson's name to her safe deposit box, and titled her checking account in joint tenancy with Mr. and Mrs. Testerman.

On August 25, 1989, Sharon Lee Darby filed an application for letters in the probate court requesting letters of administration on the estate. The court granted the letters. On February 19, 1991, Mrs. Darby filed a petition for discovery of assets and an accounting naming the Testermans as defendants. Following a hearing, the trial court entered judgment for Plaintiff Darby. The court found that the character of the joint certificate was for "business and convenience purposes" rather than for survivorship purposes. Although the court found no fraud or undue influence had been exercised, the court ordered that the certificate, together with certain coins and other personal property located in the safe deposit box, be turned over to Plaintiff Darby as personal representative, finding that the property was held by Mr. Testerman in constructive trust for all of Mrs. Murray's heirs. The Testermans appeal. only that portion of the trial court's judgment concerning the certificate.

*Joint Tenancy with Right of Survivorship*

The Testermans contend on appeal that the trial court erred in ordering them to deliver the certificate to Mrs. Murray's estate because upon the death of Mrs. Murray title to the certificate of deposit vested in Mr. Testerman, who held the instrument in joint tenancy with right of survivorship with Mrs. Murray. The Testermans contend that since the trial court found no fraud or undue influence in this case, the trial court had no legal basis for imposing a trust on the certificate.

Missouri has two statutes that deal with joint accounts, § 362.470, RSMo 1986, which deals with banks and trust companies, and § 369.174, RSMo 1986, which relates to deposits made in savings and loan associations. This action is governed by § 369.174, which provides that when an account is established "in the names of two or more persons ... as joint tenants or in form to be paid to any of them or the survivor of them," the account becomes property of the persons named as joint tenants. Section 369.174 further provides:

The opening or maintenance of the account in such form, in the absence of fraud or undue influence, shall be conclusive evidence in any action or proceeding to which the association or any survivor of the personal representative of a deceased owner is a party of the intention of all the parties to the account to vest title to the account and the additions and earnings thereto in the survivor.

 This statutorily created joint tenancy enforces survivorship rights based upon how the asset is titled, without consideration of the creator's actual intent. *In re Estate of LaGarce,* 487 S.W.2d 493 (Mo. banc 1972). The Missouri Supreme Court in *LaGarce* provided that a joint tenancy account is created if drafted in compliance with one of the joint tenancy statutes and that the account will be enforced as a survivorship account in the absence of fraud, undue influence, mental incapacity or mistake. *Id.* at 501.

 In the present case, neither party disputes that when Mr. Testerman's name was added to the certificate, the ownership of the account complied with the terms of § 369.174. Thus, the issue is whether the trial court's action in ordering the certificate transferred to the estate was a misapplication of the law. Mrs. Darby contends that substantial evidence was presented to demonstrate that Mr. Testerman unduly influenced his grandmother in having his name added to the certificate and that he violated the confidence and trust placed in him by his grandmother by keeping the certificate for himself instead of voluntarily transferring the asset to the estate upon her death. At trial, Mrs. Darby testified that Mrs. Murray had said on several occasions before her death that her assets were to be divided among all the grandchildren. Also, she testified that on one occasion she overheard Mr. Testerman tell Mrs. Murray that she should put his name on the certificate so it would be easier for him to take care of her business when it was time to renew the certificate.

*Clear, Cogent and Convincing Evidence*

Mr. Testerman contends that the trial court erroneously imposed a constructive trust in this case because the evidence did not meet the level of proof necessary for imposing a constructive trust. The case of *Fix v. Fix,* 847 S.W.2d 762 (Mo. banc 1993), discusses the standard for establishing a constructive trust.

To establish a constructive trust, an extraordinary degree of proof is required. The evidence must be unquestionable in character. The evidence must be so clear, cogent, and convincing as to exclude every reasonable doubt in the mind of the trial court.

*Id.* at 765.

The issue is whether fraud, undue influence, mental incapacity or mistake was established by "clear, cogent, and convincing" evidence. Mrs. Darby contends that the trial court rightly found that Mr. Testerman breached a confidential relationship with his grandmother, committing constructive fraud. She also claims that the evidence established that Mr. Testerman unduly influenced his grandmother in the manner in which she titled the certificate.

 A finding of either actual or constructive fraud is sufficient to support imposition of a constructive trust. *Fix,* 847 S.W.2d at 765. A showing of constructive fraud or undue influence is determined based upon the specific facts of each case. *See Swon v. Huddleston,* 282 S.W.2d 18, 26 (Mo. 1955). Courts have often found constructive fraud to exist when a confidential relationship has been breached. *Fix,* 847 S.W.2d at 765. A "confidential relationship" exists when "a special confidence is reposed in one party and there is resulting domination of or influence on the other party." *Id.* Similarly, undue influence is shown by the presentation of evidence establishing that defendant used "that influence which, by force, coercion or overpersuasion destroys the free agency of the grantor to act." *In re Estate of Hayes,* 658 S.W.2d 956, 958 (Mo.App.1983).

Testimony from many sources established that Harold Testerman and his grandmother had a very close relationship and that Mrs. Murray thought very highly of her grandson and of his opinions and advice. He and his wife helped Mrs. Murray to pay her bills, and also purchased groceries for her. At times

they would advance funds and she would reimburse them. Mrs. Murray moved into a duplex owned by the Testermans, and paid a modest amount of rent to them. Although the evidence supported a finding that a confidential relationship existed in this case, the evidence did not establish that Mr. Testerman engaged in constructive fraud or exerted undue influence to induce his grandmother to jointly title the certificate with him. The evidence indicated that Mrs. Murray had a strong will, and that she was not inclined to allow herself to be dominated by others. Moreover, there was no direct evidence that Mr. Testerman ever specifically agreed to hold the funds in trust for all the heirs.

Mr. Testerman testified that Mrs. Murray wanted his name added to the certificate in case "anything happened" to her. He further testified that Mrs. Murray had said on several occasions that he was Mrs. Murray's favorite grandchild and that she had specified that she wanted him to have the certificate on her death. He also testified that, at the time the certificate was retitled, Mrs. Murray was informed by the bank officer of the survivorship effect of the account, and that she indicated that the survivorship effect was consistent with her desires.

According to Mr. Testerman's testimony, there was no agreement or understanding, implicit or explicit, that he would distribute the funds to the other grandchildren. Mrs. Darby's testimony is consistent with the existence of such an agreement, but does not necessarily establish the existence of such an agreement. Her testimony that she heard Mr. Testerman at one point suggest putting his name on the account does not necessarily prove that Mrs. Murray was responding only to his suggestion. Mrs. Darby did not remember exactly when the discussion took place, nor was there any testimony establishing the extent to which Mrs. Murray was influenced by Testerman's remark rather than by other considerations, including a desire that Mr. Testerman inherit the certificate from her. It is entirely possible Mr. Testerman could have made that suggestion, but that Mrs. Murray exercised her own will in the manner in which the asset was titled,

and that she did indeed intend for him to have the proceeds on her death.

It is not unusual for different beneficiaries to have different expectations concerning the estate of a loved one. Sometimes, it is because of the decedent's reluctance to inform all concerned that he or she had a change of mind about how to design the estate. It is unpleasant, after all, to see people disappointed. It is often easier to let them find out later. This case is like so many others involving joint bank accounts—it is very difficult for a court to know for sure what the deceased intended. These are the cases which are resolved by law based on how the account is titled.

■ To support the imposition of a constructive trust in this case, it is essential to have clear, cogent and convincing evidence of 1) Mrs. Murray's having made disposition of her property in reliance on an agreement by Mr. Testerman, express or implied, to divide the money with the remaining grandchildren, and 2) Mr. Testerman's subsequent breach of the agreement. *See Fix*, 847 S.W.2d at 767. The evidence presented by Mrs. Darby could not be called "clear, cogent and convincing evidence of constructive fraud or undue influence." Nor, it is apparent, did the trial court apply a standard of "clear, cogent and convincing evidence." Even if the trial court had done so, it could not have ruled in favor of Mrs. Darby based on the record in this case. Section 369.174 vests ownership in the account survivor as a matter of law in the absence of fraud, mistake, mental incapacity or undue influence. It is only in very clear cases that a constructive trust may be imposed—not cases where the evidence is doubtful or conflicting. The statute is the law, and we are bound to follow it. Thus, we hold that the trial court misapplied the law in this case by transferring the certificate into the estate. The titling of the certificate in Mr. Testerman's name as a joint tenant with right of survivorship caused, as a matter of law, the certificate to vest in Mr. Testerman upon the death of Mrs. Murray. Therefore, the trial court's judgment is reversed to the extent that it affects the certificate of deposit. The case is remanded with directions for the trial court to enter judgment in favor of

Mr. Testerman as to the certificate of deposit. The balance of the trial court judgment, addressed to the safe deposit box and key, remains in effect. The trial court is directed to modify the judgment accordingly.

All concur.