John KIENER, Plaintiff–Appellant,

v.

Donna POWELL and Jerry Powell,
Defendants–Respondents.

No. 18566.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 23, 1993.

Donald R. Duncan, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for plaintiff-appellant.

Stephen P. Seigel, Robinson, Rice & Seigel, Springfield, for defendants-respondents.

PARRISH, Chief Judge.

Appellant requested the trial court to cancel two deeds; to declare that the grantees in the deeds (respondents) held the described real estate in constructive trust; and to order respondents to convey the real estate to him. The trial court entered judgment for respondents.[1] This court affirms.

Respondent Donna Powell is appellant's daughter. Respondent Jerry Powell is her

---

1. The respondents in this case filed a counterclaim for partition that the trial court denied. They appealed from the denial of the counterclaim. That appeal was separate from this case. It was dismissed due to respondents'—the appellants in the other appeal—failure to timely file their brief. Respondents, in the brief they filed in this case, have attempted to raise two points directed to the trial court's denial of the counterclaim. The determination of the counterclaim

husband. In August 1989, she, at appellant's request, accompanied him to a lawyer's office. Appellant told Mrs. Powell that "he wanted to put [her] name" on deeds to two tracts of real estate. He asked her "if that was all right." Mrs. Powell explained, "He wanted to have me to have that, and so we went to the lawyer."

Following appellant's and Mrs. Powell's visit to the attorney, warranty deeds were prepared and executed by appellant. The deeds conveyed the two tracts of real estate to appellant and Mrs. Powell as joint tenants. Appellant also executed a durable power of attorney that was prepared at his request. Mrs. Powell was designated his attorney-in-fact.

There were no discussions about respondents reconveying the real estate upon request by appellant until "[p]robably two years later," sometime in 1991, when appellant requested them to reconvey the real estate. Respondents declined, after which appellant brought this action.

The trial court heard this case without a jury. "Since this was a court-tried case, the judgment will be upheld if it is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law." *Sauer v. Hicks,* 662 S.W.2d 310 (Mo. App.1983).

In his first point on appeal, appellant contends "[t]he trial judge erred in holding that the evidence must establish an intention to convey in trust in that the trust alleged was a constructive trust, and constructive trusts do not require intent." The point is

apparently directed to the trial court's finding that there was no "intention to convey in trust" and its reference to Donna Powell's testimony that "there was no suggestion that the conveyances were intended to be in trust before the deeds were made or after they were delivered."

Appellant's assessment that the showing of an intent to create a trust is unnecessary for establishment of a constructive trust would be correct if his case were based upon a breach of a confidential or fiduciary relationship. However, the issue that was presented to the trial court was whether the conveyances were subject to an oral trust which required respondents to reconvey the tracts of land upon the request of appellant. Appellant's petition alleged:

.    .    .    .    .

5. That the transfer of interest to defendant Donna Powell was upon an oral trust in favor of plaintiff that defendant Donna Powell would reconvey the land to plaintiff.

6. That plaintiff requested defendant Donna Powell to reconvey the land to him, but defendant Donna Powell has refused to perform the trust by refusing to reconvey the undivided joint tenancy interest conveyed to her by the said deeds.

.    .    .    .

There was no allegation nor showing that the conveyances of the real estate were procured by fraud. No confidential or fiduciary relationship existed between appellant and Mrs. Powell insofar as the real estate that is the subject of this case is concerned.[2]

The trial court's judgment included the findings:

was not preserved for review as part of this appeal. The points directed to the counterclaim will not be addressed.

2. Appellant suggests (albeit with respect to his argument regarding his second point on appeal rather than his first point), "Exhibit 1 [the power of attorney] is the most powerful evidence of the existence of a confidential relationship between appellant and respondent." A confidential relationship—a fiduciary relationship—was created by appellant's execution of his power of attorney.

That, however, is a *non sequitur.* The conveyances of the real estate were unrelated to appellant's execution of his power of attorney. The deeds were executed by appellant, not by Mrs. Powell in her capacity as his attorney-in-fact. She did not acquire her interests in the tracts of land by reason of the confidential or fiduciary relationship created by appellant's power of attorney.

866

The issues established in the pleadings are the issues on which the case was tried.... Plaintiff's Petition alleges the conveyances to Defendant Donna Powell were upon an "oral trust" in favor of Plaintiff that Defendant Donna Powell would reconvey the real estate to Plaintiff.... Defendants deny a trust was intended and that the conveyances were anything other than the absolute conveyances made by the written language of the deeds. Thus, the initial issue is whether the conveyances were in trust for any purpose.

The burden of proof is upon the Plaintiff to establish that the conveyances made by the deeds were in trust. The facts must be proven by clear and convincing evidence.

Plaintiff's deeds contained no trust provisions and were absolute conveyances of title. The written documents are inconsistent with an intention to convey in trust.

No evidence was presented that any trust or any purpose, other than the absolute conveyance to the parties as Joint Tenants with right of survivorship, was discussed with Defendant Donna Powell, the Grantee. The Plaintiff did not testify that he advised either the attorney who prepared the deeds or Defendant Donna Powell of an intent that the conveyances be in trust when the deeds were discussed, signed or delivered. Defendant Donna Powell testified there was no suggestion that the conveyances were intended to be in trust before the deeds were made or after they were delivered. Defendant Donna Powell testified the entire transaction began with a discussion in which Plaintiff told her he wanted her to have the real estate. The attorney who prepared the documents testified she was not told of an intent that the conveyances be in trust.

In *Fix v. Fix*, 847 S.W.2d 762 (Mo. banc 1993), the court explained, "A finding of a fiduciary, or confidential, relationship is not always a prerequisite to a finding of constructive fraud for the purpose of imposing a constructive trust." *Id.* at 766. A constructive trust may be imposed to enforce an attempted oral trust. The rule applicable to transfers of interests in land with the expectation of having the land reconveyed upon request is stated in Restatement of Restitution § 182 (1937):

Where the owner of an interest in land transfers it inter vivos to another upon an oral trust in favor of the transferor or upon an oral agreement to reconvey the land to the transferor, and the trust or agreement is unenforceable because of the Statute of Frauds,[3] and the transferee refuses to perform the trust or agreement, he holds the interest upon a constructive trust for the transferor, if

(a) the transfer was procured by fraud, misrepresentation, duress, undue influence or mistake of such a character that the transferor is entitled to restitution, or

(b) the transferee at the time of the transfer was in a confidential relation to the transferor, or

(c) the transfer was made as security for an indebtedness of the transferor.

Section 182 of the Restatement of Restitution was cited with approval in *Basman v. Frank*, 250 S.W.2d 989, 993 (Mo.1952).

The trial court found that there was no oral agreement for Mrs. Powell to reconvey the real estate upon appellant's request. That finding is supported by substantial evidence and is not against the weight of the evidence. The trial court neither misapplied nor erroneously declared the law by considering appellant's lack of intent to create a trust when he conveyed the real estate to Mrs. Powell. Appellant's first point is denied.

Appellant's second point asserts the trial court erred in finding no constructive

3. An oral agreement to convey real estate is unenforceable because of § 432.010, RSMo 1986, the statute of frauds respecting the conveyance of land. Creation or establishment of an oral trust of lands is unenforceable because of § 456.010, RSMo 1986. *Jackson v. Tibbling*, 310 S.W.2d 909, 914 (Mo.1958).

trust because a confidential relationship existed between Mrs. Powell and appellant and by not reconveying the tracts of land upon appellant's request, Mrs. Powell was unjustly enriched. This point fails.

■ As discussed in n. 2, *supra*, there was no showing (nor was it pleaded) that the conveyances of the tracts of land were the product of a confidential or fiduciary relationship. As stated in the trial court's written findings that are part of its judgment, the issues appellant pleaded and tried were based on the claim that there was an oral trust. Appellant did not assert constructive fraud when he was before the trial court as the basis for a constructive trust.[4] Appellant may not, on appeal, rely on a different theory than he presented to the trial court. *Wilber v. Wilber*, 312 S.W.2d 86, 89 (Mo.1958). The second point is denied.

The judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.

---

4. *See Fix v. Fix*, 847 S.W.2d 762, 765–66 (Mo. banc 1993), for a discussion of the requirements for establishing a constructive trust based on constructive fraud.